# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**TINA EDDINGTON,**

    **Plaintiff;**

**vs.**

**STANDARD INSURANCE COMPANY**
*a/k/a* **THE STANDARD,**

    **Defendant.**

Case No.: _____

**JURY DEMAND**

---

## COMPLAINT

COMES NOW, Plaintiff, Tina Eddington, by and through her attorneys at Cody Allison & Associates, PLLC, and sues Defendant Standard Insurance Company, *a/k/a* The Standard [hereinafter "**Standard**"].

### JURISDICTION & VENUE:

1. Jurisdiction of this case is based on 28 U.S.C. §1332, i.e., federal–court diversity jurisdiction. This is because, as alleged below, the Plaintiff and Defendant are citizens of, or reside in, different States, and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the Western District of Tennessee, pursuant to 28 U.S.C. §1391.

1

**RELEVANT PARTIES:**

3. Tina Eddington resides in Collierville, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Western District of Tennessee.

4. At all times relevant hereto, Plaintiff was employed by the City of Memphis/Memphis Police Department or a related entity [hereinafter "**Memphis**"]; she worked as a police radio dispatcher for Memphis; however, due to her established disability, her last day of employment was on or about February 12, 2015.

5. At all times relevant hereto, Plaintiff's employer, Memphis, sponsored, provided, offered and administered an LTD (long-term disability) Plan [hereinafter the "Plan"], which was comprised of group insurance policy [hereinafter the "Policy"][1] that was (and is) underwritten, administered and/or managed by Standard, this for the benefit of certain employees of Memphis. Plaintiff was among the group of Memphis employees eligible to participate in, or be covered by, that Plan/Policy.

6. At all times relevant hereto, Defendant Standard was the underwriter, Plan administrator, claims administrator, fiduciary, claims fiduciary, and/or claims-review fiduciary for the Plan/Policy.

7. At all times relevant hereto, Defendant Standard acted as agent for the Plan or for Memphis, if not both.

8. Under the Plan/Policy or related contractual documents, Memphis assigned or delegated to Defendant Standard the claims–fiduciary duties for the Plan/Policy; *i.e..*, decision-making on claims for benefits, decision-making on appeals of denied claims; and/or other administrative powers and duties for or under the Plan/Policy.

---

[1] *See* Group LTD Policy #640754-B; commonly referred to as the "City of Memphis Group (LTD) Policy."

9. Upon information and belief, Defendant Standard is a corporate entity formed and organized under the laws of, and with its headquarters/principal place of business in, the State of Oregon.

10. At all times relevant hereto, the Plan/Policy – because of its status or nature as a "government(al) plan," or otherwise – was exempt from, or not subject to, the federal Employee Retirement Income Security Act of 1974, as amended ("ERISA"); *see*, 29 U.S.C. §§ 1001, et seq.

11. At all times relevant hereto, the Plan/Policy provided for payment of disability benefits in the event Plaintiff became disabled and unable to work because of sickness, disease or other covered medical condition as set forth or defined under the Plan.

**STATEMENT OF FACTS:**

12. Plaintiff realleges and reavers paragraphs 1 through 11 of the Complaint, incorporating them by reference herein as if specifically restated.

13. Plaintiff is 44 years old with a date of birth in August, 1972. She was employed by Memphis beginning in May, 2004, with the job title police radio dispatcher. Her job duties included, without limitation, both taking incoming calls and dispatching (including handling 911 calls); use of multiple computer systems or screens simultaneously; all of this in a high-pressure environment; plus training and testing for other employees; and significant paperwork for legal and other requirements. As a result, it was imperative that she possess abilities including good cognitive health, the ability to quickly and efficiently process information from multiple sources (i.e., multi-task), as well as have good vision.

14. However, Ms. Eddington was forced to stop working due to certain disabling medical conditions, last working on or about February 12, 2015.

15. The medical basis for Ms. Eddington's disability claim is multiple sclerosis (MS), a progressive disease, along with its debilitating complications; in her case, one of the significant complications is severe loss of vision, such that is impossible for her to work as before, and it is unsafe for her to drive. She also suffers from bulging/degenerative disc issues and arthritis in the cervical region of her spine (neck) (C5, C6). She treats with both a neurologist and a neuro ophthalmologist.

16. After she could no longer work, Plaintiff was approved for and received short term disability benefits (STD) -- through Standard -- and received such benefits from approximately March, 2015 through August, 2015.

17. Thereafter, Plaintiff applied for long-term disability benefits (LTD) through Standard, which should have begun in September, 2015. *See*, Claim # 00VX5042. However, Defendant Standard reversed course from the STD decision and denied LTD benefits altogether.

18. The LTD policy at issue states, *inter alia*, the following:

"You are **Disabled** if you meet the following definitions during the periods they apply:

A. **Own Occupation** Definition of Disability [**first 24 months**].

B. Any Occupation Definition of Disability [after 24 months through end of Maximum Benefit Period].

A. Own Occupation Definition of Disability

During the… Own Occupation Period you are required to be Disabled only from your Own Occupation.

You are Disabled from your Own Occupation if, as a result of **Physical Disease, Injury**, Pregnancy or Mental Disorder:

1. **You are unable to perform with reasonable continuity the Material Duties of your Own Occupation; and**

2. **You suffer a loss of at least 20% in your Indexed Predisability Earnings when working in your Own Occupation.**

4

….

Own Occupation means any employment, business, trade, profession, calling or vocation that involves **Material Duties** of the same general character as the occupation you were regularly performing for your Employer with Disability begins. In determining your Own Occupation, we are not limited to looking at the way you perform your job for your Employer, but we may also look at the way the occupation is generally performed in the national economy….

**Material Duties** means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted….

….

**Injury** means any injury to the body.

….

**Physical Disease** means a physical disease entity or process that produces structural or functional changes in the body as diagnosed by a Physician."

19. The official (initial) denial letter from Standard is dated October 7, 2015.

20. Despite due internal/administrative appeal by Plaintiff, Defendant Standard maintained the denial of any LTD benefits. *See*, final denial letter from Standard dated July 28, 2016.

21. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto -- *i.e.,* at all times for which relief is sought – Plaintiff was "disabled" or suffered from "disability" as those terms are defined under the Plan/Policy; such that monetary benefits are now (over) due to be paid.

24. Since Plaintiff's last day of work at Memphis, her claim was and has been fully supported by her treating physician(s) who have confirmed her inability to work; as stated, Plaintiff continued during the relevant time frame to meet the definition of disabled or disability set forth under the Plan/Policy.

25. Plaintiff is due "back" LTD benefits covering the period of time from September, 2015 to present, plus any other LTD-related benefits that were provided under the Plan during that time frame. She is also due all future LTD benefits as provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

26. Based on the facts summarized above, the proof contained in the administrative record and claims file(s) for this case, and the proof to be attained through discovery, Plaintiff has suffered, and may in the future suffer, a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION:

### COUNT I --- State Law/Contract

27. Plaintiff realleges and reavers paragraphs 1 through 26 of the Complaint, incorporating them by reference herein as if specifically restated.

28. Based on the facts summarized above, Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract(s) for LTD benefits between Memphis and its employees (including Plaintiff) and/or the contract between Defendant Standard and Memphis (of which Plaintiff was an intended third–party beneficiary, *i.e.*, Plan beneficiary). Among other things, both Defendant Standard and Memphis have failed, and refuse today, to pay to Plaintiff under said contract(s) all of the LTD benefits to which she is entitled and upon which she has relied upon receiving. Defendant Standard and Memphis have also

breached the covenant/duty of good–faith and fair dealing that accompanied said contract(s).

## COUNT II -- State Law/Statutory

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Based on the facts summarized above, Plaintiff also makes claim for all permissible damages and relief based on Tenn. Code Ann. § 56-7-105 (Tennessee statutory law for bad faith failure to pay on an insurance policy).

31. All due prerequisites or other requirements that are necessary before filing a lawsuit under Tenn. Code Ann. § 56-7-105 have been satisfied by or on behalf of Plaintiff. This includes written demand or notice to Defendant Standard (by letter) more than sixty (60) prior to the filing of this suit.

## PRAYER FOR RELIEF:

**WHEREFORE**, the Plaintiff prays for the following relief:

A.  That the Court enter a money judgment in Plaintiff's favor and against Defendant based on the several state common–law and statutory causes of action alleged above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contractual,[2] compensatory, consequential, incidental, and/or extra–contractual damages, injuries, losses and expenses caused by or due to Defendant's wrongful conduct; or, alternatively, the wrongful conduct of Memphis for which Defendant is chargeable under the law; all as allowable under law and subject to the proof;

---

[2] This includes without limitation any applicable or accrued cost–of -living adjustments ("COLA") under the Plan or Policy.

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is entitled in the future; subject to the proof and policy application procedures, as required, and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy at issue.

C. That the Court also award to Plaintiff her attorney's fees and/or costs/expenses of suit pursuant to Tenn. Code Ann. § 56-7-105 and otherwise;

D. That the Court also award to Plaintiff pre-judgment interest and post-judgment interest[3] on all amounts awarded;

E. That pursuant to Tenn. Code Ann. § 56-7-107, Defendant be required to attach to its answer or responsive pleading a true and correct copy, duly attested and sworn to, of the LTD policy at issue herein;

F. That the Plaintiff recover any and all other, different or additional damages and relief (legal or equitable) to which she may be entitled by virtue of the facts and causes of action alleged above, including without limitation treble, exemplary and/or punitive damages based on Defendant's wrongful conduct;

G. Plaintiff reserves the right, if appropriate, pursuant to F. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent; and/or to be revealed by discovery to be conducted herein. This includes without limitation adding any party-defendant(s) necessary to afford complete relief; and

---

[3] *See*, 28 U.S.C. § 1961.

H. Plaintiff demands a jury to hear and decide all issues so triable.

Dated this **11th** day of January, 2017.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC


/s/ K. Cody Allison
K. Cody Allison, TN BPR No. 20623
Cody Allison & Associates, PLLC
The Union Building
501 Union Street, Ste. # 502
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com